IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BOYD, ID # 226451, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:06-CV-2159-B (BH) |
| | ) | ECF |
| TOM KASPER, | ) | Referred to U.S. Magistrate Judge |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, a state inmate confined at the Red Onion State Jail in Pound, Virginia, filed the instant civil action against defendant Tom Kasper pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His complaint is remarkably void of content – simply naming Mr. Kasper as a defendant and stating that he needs to be in the United States District Court. The Court has not issued process in this case.

**II. THREE STRIKES**

To proceed in federal court, a litigant must either pay the requisite filing fee or seek leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, any request for leave to proceed *in forma pauperis* by him is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

This is the second civil action that plaintiff has filed in this Court in the past month. In *Boyd v. Phipps*, No. 3:06-CV-2095-G (N.D. Tex. filed Nov. 9, 2006), the assigned Magistrate Judge recommended that the District Court bar plaintiff from proceeding *in forma pauperis* and dismiss that action pursuant to § 1915(g). That recommendation states:

> A review of the U.S. Party and Case Index reflects that Plaintiff is a frequent filer, having filed over forty actions the United States District Court for the Western District of Virginia. *See* http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl. Most recently in *Boyd v. Simpson*, 7:06cv153 (W.D. Va., Roanoke Div., Mar. 17, 2006), the District Court in the Western District of Virginia dismissed one of Plaintiff's prior civil right complaints as barred by three strikes.[1]

*Id.* (findings, conclusions, and recommendation) (footnote in original).

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision. As found in *Boyd v. Simpson* plaintiff has accumulated three strikes. Consequently, plaintiff may not proceed with his current action without the prepayment of fees

---

[1] The three-strike finding was based on the dismissal of the following prior actions with prejudice as frivolous or for failure to state a claim under 28 U.S.C. § 1915A(b)(1): *Boyd v. Simpson*, No. 7:02cv0646 (W.D. Va., May 13, 2002); *Boyd v. None Named*, No. 7:02cv0598 (W.D. Va., Apr. 24, 2002); *Boyd v. Olson*, No. 7:02cv0074 (W.D. Va, Jan. 24, 2002).

under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury.  Plaintiff has made no such showing in this action.  Because plaintiff is barred by the three strikes provision from pursuing this action *in forma pauperis* and because he has not paid the filing fee for this action, plaintiff's complaint is subject to summary dismissal.

Based upon plaintiff's litigation history, summary dismissal of the instant action is appropriate.  The Western District of Virginia has previously informed plaintiff that he may not file civil actions "unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury." *See Boyd v. Baryeh*, No. 7:05cv00791 (W.D. Va. Jan. 3, 2006) (mem. op.).  In light of such information, that court declined to "give [him] additional time to pay the filing fee or amend his complaint" before dismissing the action.  *See id.*

### III.  RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that this action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless movant pays the $350.00 filing fee prior to acceptance of this recommendation.  The Court should also inform plaintiff that, except upon a showing of imminent danger of serious physical injury, he may not re-file this action or commence any other civil action to which the PLRA applies unless he pays the requisite filing fee when he files the action.

**SIGNED this 4th day of December, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE